NELSON P. COHEN
United States Attorney

CRANDON RANDELL
KEVIN FELDIS
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: crandon.randell@usdoj.gov
         kevin.feldis@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:07-cr-00148-10-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| vs. | ) | |
| | ) | |
| ALASKA STATE MORTGAGE | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendant. | | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the  defendant and the United States.   This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I.   TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A.   Terms of Agreement

The defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment, charging it with Conspiracy, in violation of 18 U.S.C. § 371, and Counts 12 and 20 of the Second Superseding Indictment, charging it with Wire Fraud, in violation of 18 U.S.C. § 1343.  The government agrees to dismiss Counts 13 through 19, and 21 through 24, but the defendant specifically agrees that the Court may impose restitution for any losses on dismissed counts.  The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Second Superseding Indictment.  As set forth in more detail in Section III, the parties agree that the defendant will serve three years of organizational probation and pay a criminal fine of $91,478.53.  The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).  The

defendant also understands and agrees that this Agreement does not affect the status of potential criminal liability of any of its officers, employees or directors.

**B.     Federal Rule of Criminal Procedure 11**

The parties expressly agree that this Plea Agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(C).  Both parties agree and understand that: (a) if the Court accepts this Agreement, neither the Defendant nor the Government may withdraw from this agreement;  (b) if the Court rejects the Plea Agreement (including but not limited to the sentencing provisions herein), each party has the right to withdraw from this Agreement and proceed to trial; and (c) if the Court does not impose the term of probation and fine agreed upon herein by the parties, each party has the right to withdraw from this Agreement and proceed to trial.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), the United States agrees, consistent with the terms set forth herein, to dismiss certain charges and not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the indictment.

C.    **Waiver of Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any

claim for the award of attorney fees and costs from the other party.

II.    **CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE**

A.    **Charges**

1.    The defendant agrees to plead guilty to the following counts of the

Second Superseding Indictment :

Count 1, charging Conspiracy, in violation of 18 U.S.C. § 371;

Counts 12 and 20, charging Wire Fraud, in violation of 18 U.S.C. § 1343.

B.    **Elements**

1.    The elements of the offense of Conspiracy, as charged in Count 1 of

the Second Superseding Indictment are as follows:

**First:**    Between on or about December 23, 2003, and May 31, 2006, there was an agreement between two or more persons to commit at least one crime as charged in the Second Superseding Indictment;

**Second:**    The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

> **Third:**   One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all members of the jury agreeing on a particular overt act that was committed.

2.   The elements of the offense of Wire Fraud, as charged in Counts 12 and 20 of the Second Superseding Indictment are as follows:

> **First:**   The defendant participated in a material scheme or plan for obtaining money or property as described in the indictment by making false representations, promises or statements;
>
> **Second:**   The defendant knew that the promises or statements were false;
>
> **Third:**   The promises or statements were material, that is they would reasonably influence a person to part with money;
>
> **Fourth:**   The defendant acted with the intent to defraud; and
>
> **Fifth:**   The defendant knowingly caused to be transmitted in interstate commerce by means of a wire communication certain signals and sounds for the purpose of carrying out the scheme.

## C.   Factual Basis

The defendant admits the truth of the allegations in Counts 1, 12 and 20 of the Second Superseding Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

Conspiracy

Alaska State Mortgage Company, Inc. ("Alaska State Mortgage") is a real estate mortgage brokerage business located at 6633 Brayton Drive in Anchorage, Alaska. Susan McCready ("McCready") is the owner of Alaska State Mortgage, and she is also its duly authorized representative. During all times relevant to the Second Superseding Indictment, Alaska State Mortgage was in the business of originating real estate loans that were financed by mortgage lenders, including the mortgage lenders identified in the indictment. As a mortgage broker, Alaska State Mortgage interviewed buyers seeking to obtain a mortgage loan in order to complete a loan application to send to mortgage lenders. The loan application contains important information about the buyer's income and debt, as well as the purpose of the loan, that is necessary for the mortgage lenders to assess the risk of making a loan, and what terms are appropriate if a loan is made. Each loan application is signed by the applicant and by the employee of Alaska State Mortgage who conducted the loan interview. Alaska State Mortgage also provided mortgage lenders with preliminary title documents and other material information about the borrower and the terms of the real estate transaction that the mortgage lenders materially relied upon in making decisions about loans.

As alleged in the Second Superseding Indictment, Alaska State Mortgage participated in a conspiracy with Cerise Sanders, Lance Lockard and other co-defendants to purchase and sell real estate in Alaska, and to arrange for mortgage loans for the purchase and sale of real estate in Alaska, through a scheme to use false and fraudulent statements and inflated appraisals, falsified down payments, nominee borrowers and purchasers, hidden cash-back payments and other improper practices that concealed the true details of the financial transactions from the mortgage lenders involved.  The effect and result of this conduct was to generate commissions, profit and other income for Sanders and her co-conspirators, and to fraudulently transfer the investment risk from the buyers to the mortgage lenders.

The role of Alaska State Mortgage, acting by and through its employees, was to help arrange loans by intentionally making materially false representations, and signing and submitting materially false loan applications, to mortgage lenders that made loans for real estate transactions arranged by Lockard and other co-conspirators.  Alaska State Mortgage knew that the mortgage lenders needed to have truthful information about the borrower and purpose of the loan, including whether the property was an investment or a primary residence, in order

to assess the risk of making each loan and to determine the interest rate and other terms that were appropriate.

### Wire Fraud

On or about May 17, 2004, Lockard arranged to purchase and simultaneously re-sell thirteen residential properties located at 510, 520, 521, 530, 531, 540, and 541 Bitterroot Circle, Anchorage, and 520, 521, 530, 531, 540, and 541 San Juan Circle in Anchorage. Alaska State Mortgage was the mortgage broker that arranged for the mortgage lenders identified in the Second Superseding Indictment to make loans for all thirteen of these deals.

Lockard purchased all thirteen of these properties as a group for approximately $ 258,000.00 each. Lockard then sold them to Ruf the same day at the inflated price of between $338,000 and $340,000 each. Alaska State Mortgage, acting by and through it's the loan originators and other employees, submitted thirteen loan applications to mortgage lenders seeking to obtain loans for Ruf of approximately $270,000.00 to finance the purchase of each property.

Alaska State Mortgage falsely represented to each of these thirteen mortgage lenders that Mr. Ruf intended to occupy each residence as his primary residence, when in truth it knew this was false. In order to hide the obvious falsity of these misrepresentations, and to prevent the mortgage lenders from

discovering these misrepresentations through their own due diligence, Alaska

State Mortgage went to the extraordinary effort of obtaining financing for Mr.

Ruf from thirteen separate mortgage lenders and arranged for all thirteen of these

transactions to close on the same day.  Alaska State Mortgage intentionally

deceived mortgage lenders, and failed to disclose material information to them in

these transactions.

Alaska State Mortgage also knowingly provided fraudulent title reports to

mortgage lenders to hide the fact that these properties were being "flipped" in that

they were purchased by Lockard and re-sold to Ruf within a very short time

period.  Alaska State Mortgage knowingly made false statements, and assisted

Jonathan Ruf and others in making false statements, on loan applications, title

documents  and other loan documents in order to deceive the mortgage lenders so

that Ruf and Lockard could obtain mortgages and financing terms that they would

not otherwise be able to obtain and purchase the properties with little or no

personal investment of funds.  The mortgage lenders that provided the mortgages

for the purchase of these properties relied to their detriment upon the fraudulent

loan applications, title records and other false documents prepared and signed by

Alaska State Mortgage employees and Ruf.  For each of these properties,

including but not limited to 510 Bitterroot Circle and 521 San Juan Circle in

Anchorage, Alaska State Mortgage and its co-conspirators caused to be transmitted in interstate commerce a wire transfer of funds from outside of Alaska to Alaska at the time of purchase and closing.

Alaska State Mortgage obtained $91,478.53 in loan origination fees, mortgage broker fees, and other payments as a result of the services it provided and the part it played in obtaining the above described mortgage loans for the purchase of these thirteen properties.

**D.     Statutory Penalties and Other Matters Affecting Sentence**

**1.     Statutory Penalties**

The defendant agrees and understands that it is pleading guilty to felony charges.  The statutory maximum fine applicable to <u>each</u> of the charges to which it is pleading guilty in this case is $500,000.00, 18 U.S.C. § 3571(c)(3), or twice the gross pecuniary gain resulting from the unlawful conduct or twice the gross pecuniary loss caused to the victims of the crime, whichever is greater, 18 U.S.C. § 3571(d).   In addition to the fines, the statutory maximum penalties applicable to <u>each</u> of the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), also

include: (1) a minimum of 1 years and a maximum a 5 years of organizational probation, and (2) a $400 mandatory special assessment.

### 2. Other Matters Affecting Sentence

#### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; and 2) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 8B1.1.

#### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

#### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal grants, licenses, loans, contracts and other benefits.

**E.      Forfeiture**

The parties have no agreements regarding whether any assets or property are subject to forfeiture.

**F.      Restitution**

The parties agree that restitution is appropriate in this case and that the amount of restitution will be determined at the time of sentencing.  The parties further agree that restitution may be imposed with respect to all counts in which the defendant was charged in the Second Superseding Indictment, including counts which were dismissed.

**III.     ADVISORY UNITED STATES SENTENCING GUIDELINES and SENTENCING AGREEMENTS**

**A.      Advisory United States Sentencing Guidelines**

The Court must consult the advisory United States Sentencing Commission Guidelines (U.S.S.G.) as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose.  The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty.  Chapter 8 of the U.S.S.G. discusses sentencing organizations. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

**B.**   **Sentencing Agreement**

The parties agree that Alaska State Mortgage will be placed on three years of organizational probation and will pay a criminal fine of $91,478.53, with $50,000.00 due and payable at the time of sentencing.  Pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), either party may withdraw from this agreement only if the Court seeks to impose a different term of probation or different fine amount.  The parties have no other sentencing agreements.

**C.**   **Duly Authorized Representative to Appear**

Defendant agrees that Susan McCready is the owner and duly authorized representative of Alaska State Mortgage with authority to bind and speak for the company, and that Ms. McCready will  appear and enter guilty pleas in this case and to also appear for imposition of sentence.  The Defendant agrees to provide to the United States and the Court written evidence that Ms. McCready is the sole owner of Alaska State Mortgage and that Alaska State Mortgage is continues to be a registered corporation in the State of Alaska, including a copy of its Articles of Incorporation and a certificate of good standing.

**D.**   **Continuing Obligations**

The Defendant agrees and understands that this Agreement, together with all of the obligations and terms hereof, shall inure to the benefit and shall bind

assignees, subsidiaries, successors-in- interest, or transferees of the Defendant.  If

the Defendant changes names, reorganizes, merges, or otherwise ceases

operations in its current form, the person or entity acquiring the assets or taking

over the operation of Defendant's company shall take over the obligations of this

Agreement, including the responsibility to pay fines and restitution.  The

Defendant further agrees to provide the United States Attorney's Office for the

District of Alaska and the United States Probation Office for the District of

Alaska with immediate notice of any name change, business reorganization, sale

or purchase of assets, divestiture of assets, or similar action impacting the

operation of its business.   The Defendant shall not engage in any action to seek

to avoid the obligations and conditions set forth in this Agreement.

## IV.   WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A.    Trial Rights

Being aware of the following, the defendant waives these trial rights:

--     If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

--     The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory

minimum and statutory penalties, and any issue affecting any

interest in any assets subject to forfeiture;

--   The right to object to the composition of the grand or trial

jury;

--   The right to plead not guilty or to persist in that plea if it

has already been made;

--   The right to be presumed innocent and not to suffer any

criminal penalty unless and until the defendant's guilt is

established beyond a reasonable doubt;

--   The right to be represented by counsel at trial and if necessary

to have a counsel appointed at public expense to represent the

defendant at trial -- the defendant is not waiving the right to

have counsel continue to represent the defendant during the

sentencing phase of this case;

--   The right to confront and cross examine witnesses against the

defendant, and the right to subpoena witnesses to appear in the

defendant's behalf;

--    The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf;

--    The right to contest the validity of any searches conducted on the defendant's property or person; and

### B.    Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement.  The defendant further agrees that if the Court imposes a sentence that is consistent with this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

### C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes.  The only exceptions to this collateral attack waiver are as follows:  1) any challenge to the conviction or sentence alleging

ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

## V.   ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the indictment  in this case and the defendant's admissions set forth in Section II C.  Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VII.  ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.  Under the terms of this plea agreement, certain counts will be dismissed and the defendant will plead guilty to certain representative counts that adequately reflect the seriousness of the actual offense behavior.

## VIII.  THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

The Defendant agrees and affirms, by and through Susan McCready, its duly authorized representative, that this document contains all of the agreements made between it – with the assistance of its attorney – and the United States regarding its plea(s).  There are no other promises, assurances, or agreements the United States has made or entered into with it that have affected its' decision to enter any plea of guilty or to enter into this agreement.  If there are any additional promises, assurances, or agreements, the defendant and the United States will jointly inform the Court in writing before defendant enters its guilty plea(s).

Defendant has discussed this Agreement with its attorneys and understands

that nothing contained in this Agreement is meant to limit the rights and authority

of the United States to take further civil or administrative action against the

Defendant or any affiliated or related corporations, including but not limited to

restrict rights and opportunities of the Defendant to contract with or receive

assistance, loans and benefits from United States agencies.

Defendant understand that no one, including its attorney, can guarantee the

outcome of its case if its pleads guilty and that defendant can only withdraw its

plea if the Court seeks to impose a term of probation or fine different from what

the parties have agreed herein.  If anyone, including defendant's attorney, has

done or said anything other than what is contained in this agreement, defendant

will inform the Court when its representative stands before it to enter defendant's

plea.  If there were, defendant would so inform the Court.

Defendant enters into this agreement understanding and agreeing that the

conditions set forth herein are obligatory and material to this agreement and that

any failure on its part to fulfill these obligations will constitute a material breach

of this agreement.  If defendant breached this agreement, it agrees the United

States, in its sole discretion, may withdraw from this agreement and may reinstate

prosecution against it on any charges arising out of the investigation in this

matter.  If defendant's compliance with the terms of this plea agreement becomes

an issue, at an appropriate hearing, during which it agrees that any of its

disclosures will be admissible, the Court will determine whether or not defendant

has violated the terms of this agreement.  Defendant understands the

government's burden to prove a breach will be by a preponderance of the

evidence.

Defendant understands the Court will ask its duly authorized representative

under an oath to answer questions about the offense(s) to which it is pleading

guilty and its understanding of this plea agreement.  Defendant and its duly

authorized representative understand that they may be prosecuted if they make

false statements or gives false answers and may suffer other consequences set

forth in this agreement.

Defendant, by and through its duly authorized representative, has read this

plea agreement carefully and understands it thoroughly.  Defendant knows of no

reason why the Court should find it or its duly authorized representative

incompetent to enter into this agreement or to enter its plea(s).  Defendant enters

into this agreement knowingly and voluntarily.  Defendant understands that

anything that it discusses with its attorney is privileged and confidential, and

cannot be revealed without its permission.  Knowing this, it agrees that this document will be filed with the Court.

Defendant is fully satisfied with the representation given to it by its attorney and is prepared to repeat this statement at the time its duly authorized representative stands before the Court and enters its guilty plea(s).  Defendant's attorney and defendant have discussed all possible defenses to the charges to which it is pleading guilty.  Defendant's attorney has investigated this case and followed up on any information and issues defendant has raised to defendant's satisfaction.  Defendant's attorney has taken the time to fully explain the legal and factual issues involved in this case to defendant's satisfaction.  We have discussed the statutes applicable to the offense and sentence as well as the possible effect the U.S.S.G. may have on defendant's sentence.

\\\

\\\

\\\

\\\

\\\

\\\

Based on its complete understanding of this plea agreement, defendant

Alaska State Mortgage therefore wishes to enter  pleas of guilty to Counts 1, 12

and 20 of the Second Superseding Indictment.


DATED: _2-6-09_               _____

SUSAN McCREADY
Owner of Defendant ALASKA
STATE MORTGAGE COMPANY,
INC.


As counsel for the defendant, I have discussed the terms of this plea
agreement with the defendant, have fully explained the charge to which the
defendant is pleading guilty and the necessary elements, all possible defenses,
and the consequences of a guilty plea to a felony.  Based on these discussions, I
have no reason to doubt that the defendant is knowingly and voluntarily entering
into this agreement and entering a plea of guilty.  I know of no reason to question
the defendant's competency to make these decisions.  If, prior to the imposition of
sentence, I  become aware of any reason to question the defendant's competency
to enter into this plea agreement or to enter a plea of guilty, I will immediately
inform the Court.


DATED: _2 | 6 | 2009_         _____

PHILLIP WEIDNER
Attorney for Alaska State Mortgage
Company, Inc.


DATED: _2 | 6 | 2009_         _____

A. CRISTINA WEIDNER TAFS
Attorney for Alaska State Mortgage
Company, Inc.


Alaska State Mortgage Plea Agreement
Case No. 3:07-cr-00148-10-RRB

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: _2/9/09_

KEVIN FELDIS
Assistant U.S. Attorney

DATED: _2.9.09_

CRANDON RANDELL
Assistant U.S. Attorney

DATED: _Feb 9, 2009_

NELSON P. COHEN
United States Attorney